UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLEN H. HOEHN,

                                              Plaintiff,

                                                                                                 <u>DECISION AND ORDER</u>

                                                                                                 14-CV-6401L

                     v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

                                              Defendant.
_____

       Plaintiff appeals from a denial of disability insurance benefits and social security income by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       Plaintiff applied for a period of disability and disability insurance benefits and supplemental security income on December 14, 2010, and filed an application for supplemental security income on February 11, 2013, both alleging disability since November 1, 2009. Administrative Transcript ("T.") at 11. Plaintiff indicated that he was disabled due to a combination of bipolar disorder, depression, ADHD, anxiety, chronic fatigue, and numbness, weakness and pain in his arms and hands. T. 185, 207. Plaintiff's applications were initially denied. T. 11. Plaintiff requested a hearing, which was held February 4, 2013 before an Administrative Law Judge ("ALJ"). T. 28-65. Plaintiff was represented by counsel throughout the proceedings. *Id.* On March 7, 2013, the ALJ issued a decision finding that Plaintiff was not

disabled.  T. 11-19.  This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 23, 2014.  T. 1-3.  Plaintiff now appeals.

Plaintiff has moved (Dkt. #11), and the Commissioner has cross moved (Dkt. #14), for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).  For the reasons below, Plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

**I.**     **Standard of Review**

To determine whether a claimant is disabled according to the Social Security Act, the ALJ must proceed through the five-step sequential evaluation, set forth at 20 C.F.R. § 404.1520.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  First, the ALJ must determine whether the claimant is engaged in substantial gainful activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" and meets the duration requirement.  20 C.F.R. § 404.1520(c).  If not, the analysis ends and the claimant is found to be "not disabled."  If so, the ALJ proceeds to step three and examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.  *See* 20 C.F.R. § 404.1520(d).  If the claimant's impairment meets the criteria of a listing and meets the durational requirement, the claimant is disabled.  *See id*; 20 C.F.R. § 404.1509.  If not, the analysis proceeds to step four, during which the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform

physical or mental work activities on a sustained basis notwithstanding limitations for the claimant's impairments.  *See* 20 C.F.R. § 404.1520(e).  Then, the ALJ determines whether the claimant's RFC permits him to perform the requirements of his past relevant work.  *See* 20 C.F.R. § 404.1520(f).  If so, the claimant is not disabled.  If not, the analysis proceeds to the fifth step.  During this final step, the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)); *see* 20 C.F.R. § 404.1560(c).

The Commissioner's decision must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machiado v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002); *Rivera v. Sullivan*, 923 F.3d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "more than a mere scintilla" and is evidence which "a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'"  *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant is disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational

probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The same level of deference does not extend to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984). This Court will independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court is to first review the legal standards applied, and then, if the standards were correctly applied, consider the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

## II.     The ALJ's Decision

Initially, plaintiff contends that the ALJ breached his duty to fully develop the record, and therefore made a determination based on incomplete information that rendered him unable to properly apply the treating physician rule. I concur.

It is well settled that an ALJ has an affirmative duty to develop the medical record, even for claimants represented by counsel, and to seek out further information where evidentiary gaps exist, or where the evidence is inconsistent or contradictory. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999). However, "[the ALJ's] affirmative duty to expand the record [does not extend] *ad infinitum*." *Walker v. Astrue*, 2012 U.S. Dist. LEXIS 138472 at *9 (W.D.N.Y. 2012). Thus, where there are no obvious gaps, and the record presents "a complete medical history," the ALJ need not seek additional information

4

before rejecting a claim. *Rosa*, 168 F.3d at 79, n. 5 (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)).

The question of whether a record comprises a "complete medical history" of necessity "dovetails with the 'treating physician rule,' which mandates that the opinion of a claimant's treating physician 'regarding the nature and severity of [the claimant's] impairments' be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Swanson v. Colvin*, 2013 U.S. Dist. LEXIS 149883 at *16 (W.D.N.Y. 2013) (quoting 20 C.F.R. §404.1527(d)(2)).  As courts in this Circuit have previously observed, "it is unreasonable to expect a physician to make, on his own accord, the detailed functional assessment demanded by the Act in support of a patient seeking SSI benefits." *Ubiles v. Astrue*, 2012 U.S. Dist. LEXIS 100826 at *24 (W.D.N.Y. 2012).  Thus, where a record "contains neither a physical RFC assessment nor a medical source statement pertaining to [a claimant's] physical capabilities," a "critical void" is presented, and the ALJ is obligated to further develop the record. *Smiley v. Colvin*, 2015 U.S. Dist. LEXIS 138358 at *16 (W.D.N.Y. 2015) (quoting *Lawton v. Astrue*, 2009 U.S. Dist. LEXIS 79021 at *51-*52 (N.D.N.Y. 2009). *See also Iacobucci v. Commissioner*, 2015 U.S. Dist. LEXIS 84977 at *12-*13 (W.D.N.Y. 2015).

The record in this case contains approximately 300 pages of medical treatment notes spanning the period between 2008 and 2012, reflecting plaintiff's treatment for neck and back pain, right elbow and forearm pain and tingling, numbness and loss of coordination in the right hand, mild hearing loss, bipolar disorder, and an anxiety disorder.  But in spite of its length, the record contains no RFC assessments by any treating or examining physician or psychologist, nor

is there any evidence that the ALJ requested such assessments from plaintiff's treating physicians, or directed the plaintiff to obtain them. *See generally Echevarria v. Secretary of Health & Human Servs.*, 685 F.2d 751, 756 (2d Cir. 1982). Despite the absence of an RFC assessment, the ALJ made a finding that plaintiff had the RFC to perform a range of light work.

The record does contain treatment records from plaintiff's treating physician, Dr. Geoffrey Markowski, plaintiff's treating orthopedic surgeon, Dr. David Mitten, treating psychiatrist Dr. Choon Yeon, and other treating and examining sources, as well as the results of objective medical testing, from which the ALJ strove to glean sufficient information on which base an RFC finding. The Court is mindful that, "remand is not always required [in the absence of treating or examining source opinions, so long as] the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Iacobucci*, 2015 U.S. Dist. LEXIS 84977 at *12. However, in this case, I find that the record does not speak sufficiently to the specific physical and/or mental limitations that plaintiff's pain, range of motion, weakness and psychological diagnoses could be expected to produce – for example, plaintiff's ability to lift, reach, handle, finger, to maintain attention or concentration, or work in proximity to coworkers or the public. As such, the record fails to provide a sufficient basis for determining plaintiff's exertional and/or non-exertional RFC. *See generally Rosa v. Callahan*, 168 F.3d 72, 81 (2d Cir. 1999) (ALJ cannot maintain that his RFC determination is "consistent" with the medical evidence of record, where the record is silent with respect to a claimant's ability to satisfy the particular requirements of work, simply because plaintiff's physicians were never asked to render opinions on that topic).

For example, although the record contains evidence that plaintiff has pertinent exertional limitations with respect to arm strength, flexion and fingering, these limitations are not measured, quantified or described in a way that would permit reasonable inferences to be drawn concerning plaintiff's RFC with respect to these functions. *See e.g.*, T. 290 (treating orthopedist [name not given] on September 19, 2008 describes limitations in plaintiff's wrist extension, forearm weakness, decreased finger sensation and subtle clawhand deformity of the fingers on the right hand.); T. 294 (treating orthopedist Dr. David Mitten reports on September 2, 2008 that plaintiff has severe pain beginning at the elbow and radiating into this right hand, with decreased sensation and reduced flexion of the wrist to 20 degrees); T. 400 (examining neurosurgeon Dr. Seth Zeidman notes that plaintiff reports loss of grip strength in right hand and cervical spine pain, and plaintiff is "noted [by Dr. Zeidman] to have weakness on exam"). Because none of plaintiff's medical records specifically indicate the extent to which plaintiff's right arm injuries can be expected to affect his ability to perform the physical requirements of work (e.g., lifting, reaching, handling, fingering), the record was an insufficient basis upon which to make any RFC determination concerning plaintiff's exertional abilities in those areas, let alone to support the ALJ's conclusion that plaintiff can lift up to 20 pounds, and "is able to frequent reach, handle or finger with right dominate [sic] hand." T. 15. With respect to plaintiff's nonexertional limitations, the only RFC assessment or description of plaintiff's mental functioning in the record is a Psychiatric Review Technique questionnaire authored by reviewing psychiatrist Dr. H. Tzetzo, who left the entire RFC rating section blank, explaining that "there is insufficient evidence to rate impairment severity." T. 330-342.

In sum, "[g]iven the non-adversarial nature of . . . disability proceedings, the Court finds that the inconsistent and undetailed treatment notes, in addition to the general silence regarding [p]laintiff's work-related abilities," presents a record that is insufficiently developed for a proper determination of plaintiff's claim of disability.   *Smiley*, 2015 U.S. Dist. LEXIS 138358 at *17.

The fault for the record's incompleteness is undoubtedly shared by plaintiff's counsel, who was surely aware of the need to obtain RFC reports from plaintiff's treating physicians, and failed to raise the issue until just prior to plaintiff's hearing.  T. 262.  Nonetheless, counsel's failure to assist in completing the record does not relieve the ALJ of his duty to make a good faith attempt to obtain the missing records and reports, and failing that, to order whatever consultative examinations might be appropriate to close the gap.  *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (ALJ has an affirmative obligation to develop the administrative record, even where the claimant is represented by counsel); *Apolito v. Astrue*, 2012 U.S. Dist. LEXIS 183730 at *13 n.5 (N.D.N.Y. 2012) (fact that counsel knew or should have known that he was empowered to request medical records "does not relieve the ALJ of his independent obligation in this regard").

I therefore remand the matter for further proceedings, for purposes of completing the record and rendering a new decision.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt. #11) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied.  Pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), the matter is remanded for further

proceedings consistent with this opinion, including but not limited to the obtainment of RFC questionnaires or other opinion evidence from plaintiff's treating and examining sources with respect to his physical and mental limitations (or failing that, opinions from consultative sources), sufficient to complete the record and render a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 21, 2016.